## THE STATE v. BURR PETERS, Appellant.

**Division Two, May 23, 1911.**

**CONVICTION BASED ON CONFESSION: Cautionary Instruction.** Although defendant's conviction of arson rests on alleged confessions made by him to witnesses who did not make them known for nearly a year afterwards, yet if the court gave a fair cautionary instruction on the liability of such witnesses to forget or misunderstand what was really said to them, it will not be held on appeal that the evidence was insufficient to sustain the verdict, if being true it is substantial evidence of defendant's guilt.

Appeal from Ozark Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

Where there is substantial evidence tending to support the verdict of guilty, this court will not interfere, but will defer to the finding of the jury and the trial court. State v. Smith, 190 Mo. 706; State v. Payne, 194 Mo. 442; State v. Groves, 194 Mo. 452; State v. Williams, 149 Mo. 496; State v. Swisher, 186 Mo. 8.

FERRISS, J.—Defendant was convicted of arson in the fourth degree, under section 4512, Revised Statutes 1909.

The evidence for the State showed that defendant confessed to one John K. Dunnigan, a witness, the day after the fire, that he burned the fence of the prosecuting witness. Witness Dunnigan testified for the State as follows: "I was working and cleaning out a fence row, and the boy of mine was hauling rocks and I was building fence, and we left a load of

rock on the wagon the next morning; and he (defendant) came down and said when he got within about ten steps of me—he says, 'Old John Gilliland is wanting to hire hands to make rails for his farm is outside,' and he said fire was out, and I says, 'Who burned it?' and he says, 'When I went home I told Alfa I would knock around awhile, and I went down and touched it off;' and I says, 'Burr, you didn't do that;' and he says, 'Yes, sir, by God, I stuck a light in it;' and I says, 'They will catch you, and you will get into trouble;' and he says, 'No, I won't tell nobody else;' and I says, 'I don't care about you telling me;' and he says, 'I know that you won't tell it;' and he said, 'He ought to be burned out;' and I says, 'They will track you;' and he says, 'They can't; I was half way home before the blaze;' and he says, 'I went home, and me and Alfa set by the window and watched it and couldn't see the blaze, but could see the light.' "

Another witness testified that defendant told him that he was there, and saw the fence burning.

The sheriff testified that defendant told him, when arrested, that he knew witness Dunnigan had informed on him, because he was working for Dunnigan the day after the fire. There was testimony that defendant and the prosecuting witness were on bad terms, also that Dunnigan did not tell of his conversation with defendant until about a year after it occurred, and not until he had fallen out with defendant, also that Dunnigan was on bad terms with the prosecuting witness.

The case rested practically on the alleged confessions of defendant. On this point the court gave a cautionary instruction as follows:

"Although the jury may believe from the evidence that the defendant made statements to various persons concerning the crime charged against him, still, if said statements were made in the course of ordinary circumstances, they should be considered with great caution, because of the liability of witnesses to

forget or misunderstand what was really said or understood."

The jury fixed the punishment at six months in jail.

The motion for a new trial complains of the instructions in general terms only, also that the evidence was insufficient to sustain the verdict. No brief or assignment of errors is filed by defendant.

The evidence was submitted to the jury on instructions fair and favorable to the defendant, and was sufficient to sustain the verdict. No instructions were asked by the defendant. The information was valid and all the proceedings regular, according to defendant all his rights under the law.

The judgment is affirmed.

*Kennish, P. J.,* and *Brown, J.,* concur.